01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  REYMUNDO MANZANO,           )  CASE NO. C05-0693-RSL
                                )
10          Petitioner,          )
                                )
11      v.                       )
                                )  REPORT AND RECOMMENDATION
12  MICHAEL CHERTOFF, et al.,    )
                                )
13          Respondents.         )
    _____ )
14

15                              INTRODUCTION

16      On April 11, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus

17  and Complaint for Declaratory Relief, challenging his detention by the Bureau of Immigration and

18  Customs Enforcement ("BICE") pursuant to the mandatory detention provision of the

19  Immigration and Nationality Act ("INA") § 236(c), 8 U.S.C. § 1226(c). (Dkt. #1). At the same

20  time, petitioner also filed a Motion for a Temporary Restraining Order ("TRO"). (Dkt. #3).

21  Petitioner argues that his detention is not authorized under section 236(c) because immigration

22  officials did not take him into custody for removal proceedings when he was released from

23  incarceration on the underlying offense as required by the statute. (Dkts. #1 and #3).

24  Respondents argue that the habeas petition should be dismissed and the motion for a TRO should

25  be denied, contending that mandatory detention applies regardless of when the subject is taken into

26  custody. (Dkt. #5).

REPORT AND RECOMMENDATION
PAGE -1

Dockets.Justia.com

Having reviewed the entire record, I recommend that the Court GRANT petitioner's habeas petition and motion for a TRO. (Dkts. #1 and #3).

## BACKGROUND

Petitioner Reymundo Manzano is a native and citizen of Mexico. He has lived in the United States since approximately 1990. He is married to a United States citizen, who is expecting their first child within the next few weeks, and he has two United States citizen children from a previous relationship who rely on him for support. (Dkt. #1).

In October 2001, petitioner was convicted in Washington County, Oregon, of rape in the third degree in violation of Oregon Revised Statute § 165.355, and was sentenced to 90 days confinement, and ordered to complete probation and sex offender treatment. (Dkt. #1). Petitioner served his sentence and was released. On or about October 19, 2004, petitioner completed his probation and sex offender treatment. (Dkt. #1, Ex., p. 71).

On February 24, 2005, immigration officers arrested petitioner in Gaston, Oregon, and served him with a Notice to Appear, placing petitioner in removal proceedings, and alleging removability for having entered the country without inspection in violation 8 U.S.C. § 1182(a)(6)(A)(i); INA §212(a)(6)(A)(i). (Dkt. #5, Ex. 1). On March 30, 2005, the Immigration Judge ("IJ") determined that petitioner was not eligible for release on bond because his detention is mandated under INA § 236(c). Petitioner is currently detained without bond, pending adjudication of his recently filed immediate relative petition and application for adjustment of status in Seattle Immigration Court. (Dkt. #1, Ex., pp. 12, 44).

On April 11, 2005, petitioner filed the instant habeas petition, along with a motion for a TRO. (Dkts. #1 and #3). On April 15, 2005, the parties filed an agreed noting date for consideration of petitioner's motion for TRO for April 22, 2005. (Dkt. #4). On April 19, 2005, respondents filed their Habeas Return, Answer, and Response to Motion for Temporary Restraining Order, requesting that the Court deny petitioner's TRO motion and dismiss the habeas petition. (Dkt. #5). The briefing is now complete and the petition and motion for TRO are ready

PAGE -2

for review.

## DISCUSSION

The sole question presented is whether petitioner is subject to mandatory detention under INA § 236(c). That statute states as follows:

> **(c) Detention of criminal aliens.** (1) Custody. The Attorney General shall take into custody any alien who –
> (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS §§ 1182(a)(2)],
> (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 USC § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],
> (C) is deportable under section 237(a)(2)(A)(i) [8 USC § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 212(a)(3)(B) [8 USC § 1182(a)(3)(B)] or deportable under section 237(a)(4)(B) [8 USC §§ 1227(a)(4)(B)],
> **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

INA § 236(c), 8 U.S.C. § 1226(c) (emphasis added). Petitioner argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken into immigration custody when he was released from criminal custody as required by the express language of the statute. Since he was released from criminal custody on the underlying offense approximately three years ago, petitioner maintains that his detention under section 236(c) is unlawful. (Dkts. #1 at 7-8). In support of his argument, petitioner cites a number of decisions from this and other jurisdictions that have found that, under the plain meaning of the statute, mandatory detention does not apply to criminal aliens if they are not taken into immigration custody immediately after being released from incarceration. *See Quezada-Bucio v. Ridge,* 317 F. Supp. 2d 1221 (W.D. Wash. 2004) ; *Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997); *see also Boonkue v. Ridge*, 2004 WL 1146525 (D. Or. 2004); *Tenrreiro v. Ashcroft* , 2004 WL 1354277, *vacated and transferred*, 2004 WL 1588217 (D. Or. 2004); *Alikhani v. Fasano,* 70 F. Supp. 2d 1124 (S.D. Cal. 1999); *Alwady v. Beebe,* 43 F. Supp. 2d 1130 (D. Or. 1999); *Velasquez v. Reno,* 37 F. Supp. 2d 663 (D.N.J. 1999).

REPORT AND RECOMMENDATION
PAGE -3

Respondents argue that the Court's decision in *Quezada-Bucio* was wrongly decided, and that the Court should not follow it. Respondents argue that the Court should instead follow the Board of Immigration Appeals' ("BIA") decision in *In re Rojas*, 23 I & N Dec. 117 (BIA 2001), which found that section 236(c) was ambiguous, and interpreted the mandatory detention provision to apply no matter when the subject is taken into custody. *In re Rojas*, 23 I & N Dec. at 125; *see also In re Padilla-Vargas*, 2004 WL 2943509 (BIA 2004); *In re Nobles*, 21 I & N Dec. 672 (BIA 1997). Respondents contend that this Court should give deference to the BIA decisions. (Dkt. #5 at 3-5). The Court disagrees with respondents.

The phrase "when the alien is released" has been the subject of statutory interpretation in several previous cases, including two published decisions by this Court. In *Quezada-Bucio v. Ridge*, a case nearly identical to the present one, this Court determined that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody." *Quezada-Bucio*, 317 F. Supp. 2d at 1231 (finding that petitioner who was released from state custody and was not taken into immigration custody until three years later was not subject to mandatory detention under INA § 236(c)); *see also Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997) (holding that the plain meaning of the statute indicates that INA § 236(c) applies to aliens immediately after release from custody, and not to aliens released many years earlier). As the Court previously explained,

> 'the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory detention to apply to aliens at any time after they were released, it could easily have used the language ' *after* the alien is released,'' 'regardless of when the alien is released,' or other words to that effect. Instead Congress chose to use the word 'when,' which connotes a much different meaning.

*Quezada-Bucio*, 317 F. Supp. 2d at 1230. The Court finds, as in *Quezada-Bucio*, that Congress intended mandatory detention to apply only to those aliens taken into immigration custody immediately after their release from state custody. *Id.*

01    The Court also disagrees with respondents that the BIA's decision in *In re Rojas*, 23 I &
02 N Dec. 117 (BIA 2001), and its progeny should be accorded deference. (Dkt. #5 at 5). The
03 United States Supreme Court has held that the federal courts should defer to an agency decision
04 only if the statute, "applying the normal 'tools of statutory construction,' is ambiguous." *INS v.
05 St. Cyr*, 533 U.S. 289, 307, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001)(citing *Chevron, U.S.A.,
06 Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9, 104 S. Ct. 2778, 81 L.
07 Ed. 2d 694 (1984)). As determined above, the plain language of section 236(c) is not ambiguous.

08    Accordingly, the Court agrees with petitioner that the mandatory detention statute does
09 not apply to him because he was not taken into immigration custody when released from state
10 custody, as required by the express language of the statute. *Quezada-Bucio*, 317 F. Supp. 2d at
11 1231; *Pastor-Camarena*, 977 F. Supp. at 1417. The Court also agrees that petitioner is entitled
12 to an individualized bond hearing pursuant to the general release terms of INA § 236(a). (Dkt.
13 #18 at 5).

## CONCLUSION

15    Based on the foregoing analysis, the Court should GRANT petitioner's Petition for Writ
16 of Habeas Corpus (Dkt. #1) and Motion for Temporary Restraining Order (Dkt. #3). This matter
17 should be remanded to the Seattle Immigration Court with instructions to provide petitioner with
18 an individualized bond hearing pursuant to INA § 236(a) within 30 days of the date of this Order.
19    DATED this  26th  day of April, 2005.

Mary Alice Theiler
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5